ALLISON E. BURNS, SBN 198231
*aburns@sycr.com*
REED T.C. GLYER, SBN 252396
*rglyer@sycr.com*
DAVID C. PALMER, SBN 251609
*dpalmer@sycr.com*
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Attorneys for Defendants
LANCASTER REDEVELOPMENT
AGENCY and CITY OF LANCASTER

Exempt from filing fee
Government Code § 6103

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTELOPE VALLEY ALLIED ARTS ASSOCIATION (AVAAA); LINDA REYNOLDS; TONIA THOMPSON; STEVE PONTING; LYNDON EASLEY; TRACEE ESTABROOKE; DAVID HASSE; and EVIE COOK,<br><br>        Plaintiffs,<br><br>        v.<br><br>LANCASTER REDEVELOPMENT AGENCY; CITY OF LANCASTER; MITRA LICCIARDI, INDIVIDUALLY AND DBA CEDAR PERFORMING ARTS ACADEMY (CPPA); MICHELLE NAVARETTE; JOSIE ALCOSER; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO. CV10-10039-DSF (FMOx)<br><br>**LANCASTER'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT (FRCP 12(B)(6))**<br><br>*[[PROPOSED] ORDER; DECLARATION OF ALLISON E. BURNS RE COMPLIANCE WITH LOCAL RULE 7-3 FILED CONCURRENTLY HEREWITH]*<br><br>Action Filed: November 29, 2010<br>Discovery Cutoff: Not Set<br>Trial Date: Not Set<br><br>HEARING:<br>DATE:              July 18, 2011<br>TIME:              1:30 p.m.<br>COURTROOM:  840 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 18, 2011 at 1:30 p.m., or as soon thereafter as the matter may be heard, in courtroom 840 of the above-entitled Court, defendants the Lancaster Redevelopment Agency and the City of Lancaster will and hereby do move for an order dismissing the First, Sixth, Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth and Twenty First Claims asserted by Plaintiffs Antelope Valley Allied Arts Association; Tonia Thompson; Steve Ponting; Lyndon Easley; Tracee Estabrooke; David Hasse; and Staretta Moffat – as relator – behalf of themselves and the United States of America, and the State of California in the Third Amended Complaint, without leave to amend.

This motion is made pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) on the basis that each of the purported claims identified above fail to state a claim upon which relief can be granted.  Pursuant to Local Rule 7-3, this motion is made following the correspondence between counsel on June 10 and 13, 2011.

This motion is based on this notice, the attached memorandum, the Declaration of Allison E. Burns re Compliance with Local Rule 7-3, the records, pleadings and documents in this case, and upon such other oral or documentary evidence as may be presented at or before the hearing on this motion.

DATED: June 17, 2011

STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation

By:

Allison E. Burns
Reed T.C. Glyer
David C. Palmer

Attorneys for Defendants
Lancaster Redevelopment Agency and
City of Lancaster

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................... 1

II.  BACKGROUND ...................................................................................... 2

    A.   Factual Background. ........................................................................ 2

    B.   Procedural Background. .................................................................. 3

III. MOTION TO DISMISS STANDARD ................................................... 3

IV.  PLAINTIFFS' THIRD AMENDED COMPLAINT IS FATALLY DEFECTIVE. ......................................................................................... 4

    A.   Plaintiffs' First Claim for Qui Tam is Legally Deficient and Should be Dismissed. ..................................................................... 4

    B.   The Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth and Twenty-First Claims of the Third Amended Complaint Fail to Comply with the Requirements of the California Tort Claims Act. ................................................................................................. 8

        1.   Plaintiffs' Tenth Claim. ....................................................... 10

        2.   Plaintiffs' Eleventh Claim. .................................................. 12

        3.   Plaintiffs' Twelfth Claim. .................................................... 13

        4.   Plaintiffs' Thirteenth, Fourteenth, Sixteenth and Seventeenth Claims. ............................................................ 14

        5.   Plaintiffs' Eighteenth, Nineteenth, Twentieth and Twenty-First Claims. ............................................................ 15

    C.   The Plaintiffs Wrongly Name the City as a Defendant in Their Tenth, Eleventh and Twelfth Claims. ............................................ 16

    D.   Plaintiffs' Sixth And Eighth Claims Fails To Plead Necessary Elements. ....................................................................................... 18

        1.   Plaintiffs' do not Plead a Claim for Forcible Entry. ............. 18

        2.   Plaintiffs' Claim for Mandamus/Injunction is Insufficient as a Matter of Law. .............................................................. 19

    E.   Plaintiffs' Claims Suffer From Additional Fatal Defects. ............. 20

        1.   Plaintiffs do not Allege that they Relied on the Alleged Misrepresentation in the Seventeenth Claim. ....................... 20

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-i-

DOCSOC/1495736v1/022087-0273

2.      Plaintiffs' Fail to Properly Allege Negligence in Support of their Twentieth Claim for Negligent Interference with Prospective Economic Advantage. ...........................................20

3.      Thirteenth, Fourteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty First Claims are Based Solely on Threadbare Recitals of the Elements of the Claim..............................................................21

V.     CONCLUSION ...................................................................................22

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-ii-

TABLE OF AUTHORITIES

DOCSOC/1495736v1/022087-0273

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal,*
   526 U.S. ___, 129 S.Ct. 1937 ...................................................................22

*Balistreri v. Pacifica Police Department,*
   901 F.2d 696 ............................................................................................4

*Bell Atlantic Corp v. Twombly,*
   550 U.S. 544 ........................................................................................4, 22

*Branch v. Tunnell,*
   14 F.3d 449 ............................................................................................16

*Bryant v. Avado Brands, Inc.,*
   187 F.3d 1271 ........................................................................................16

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 ..............................................................................................4

*College Park Holdings v. Racetrac Petroleum,*
   239 F.Supp.2d 1334 .................................................................................8

*Dydio v. Hesston Corp.,*
   887 F.Supp. 1037 .....................................................................................8

*Erickson ex rel. United States v. American Inst. of Biological Sciences,*
   716 F. Supp. 908 .....................................................................................5

*Graehling v. Village of Lombard, III,*
   58 F.3d 295 ..............................................................................................4

*McGlinchy v. Shell Chemical Co.,*
   845 F.2d 802 ..........................................................................................22

*Papasan v. Allain,*
   478 U.S. 265 ............................................................................................4

*Sanders v. Kennedy,*
   794 F.2d 478 ............................................................................................4

*Tahir Erk v. Glenn L. Martin Co.,*
   116 F.2d 865, 870 (1941) .........................................................................8

*United States ex rel. Pilon v. Martin Marietta Corp,*
   60 F.3d 995 ..............................................................................................6

*United States v. Purcell,*
   360 F.Supp. 1074 .....................................................................................7

*Weisbuch v. County of Los Angeles,*
   119 F.3d 778 ............................................................................................4

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-ii-

TABLE OF AUTHORITIES

## STATE CASES

*Alliance Financial v. City and County of San Francisco,*
    64 Cal.App.4th 635 ............................................................................ 9

*City of Stockton v. Superior Court* (Civic Partners Stockton LLC)
    42 Cal.4th 730 ................................................................................... 9

*Limandri v. Judkins,*
    52 Cal.App.4th 326 ........................................................................ 21

*Mirkin v. Wasserman,*
    5 Cal.4th 1082 ................................................................................ 21

*Nelson v. State of California,*
    139 Cal.App.3d 72 ...................................................................... 9, 10

*North American Chemical Co. v. Superior Court,*
    59 Cal.App.4th 764 ........................................................................ 21

*Pacific States Enterprise,*
    *Inc. v. City of Coachella,* 13 Cal.App.4th 1414 ........................... 18

*Payne v. Superior Court,*
    17 Cal.3d 908 ............................................................................ 19, 20

*Sackett v. Spindler*
    248 Cal.App.2d 220 ....................................................................... 17

*Smith v. City and County of San Francisco*
    225 Cal.App.3d 38 ......................................................................... 17

*State of California v. Superior Court (Bodde)*
    32 Cal.4th 1234 ..................................................................... 9, 14, 15

*Watson v. State of California,*
    21 Cal.App.4th 836 ........................................................................ 10

*Wells v. One2One Learning Foundation,*
    39 Cal.4th 1164 ................................................................................ 7

## FEDERAL STATUTES

31 U.S.C. 3730(b) .................................................................................... 5

33 U.S.C. 1365(b)(1)(A) ......................................................................... 7

18 U.S.C. 1012 ......................................................................................... 7

Fed. R. Civ. P. 12(b)(6) ........................................................................... 4

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-iii-

TABLE OF AUTHORITIES

DOCSOC/1495736v1/022087-0273

## STATE STATUTES

Cal. Code Civ. Proc. § 1160 ..............................................................19

Cal. Gov't Code §910 ........................................................................1

Cal. Gov't Code § 900 *et seq* .........................................................9

Cal. Gov't Code §§ 911.2 ...........................................................9, 12

Govt. Code § 12650(b)(8) ................................................................6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-iv-

TABLE OF AUTHORITIES

DOCSOC/1495736v1/022087-0273

# I.   **INTRODUCTION**

The Third Amended Complaint in this action exceeds 105 pages in length and purports to allege twenty-one claims for relief.  The Plaintiffs allege that defendants the Lancaster Redevelopment Agency ("Agency") and the City of Lancaster ("City") (collectively "Lancaster"), along with the other named Defendants engaged in various illegal and improper actions which harmed Plaintiffs.  These alleged improper actions stem from four distinct pretenses: (i) an alleged violation of the Federal False Claims Act and California False Claims Act by Lancaster (*See,* First Claim); (ii) alleged fraud concerning the formation and subsequent alleged violation of a disposition agreement by Lancaster (*See, e.g.,* Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Sixteenth and Seventeenth Claims); (iii) actions taken by Defendants which allegedly interfered with various contracts between Plaintiffs and the public (*See, e.g.,* Eighteenth, Nineteenth, Twentieth and Twenty-First Claims); and (iv) an alleged wrongful taking of Antelope Valley Allied Arts Association's ("AVAAA") property by Lancaster (*See, e.g.,* Third and Sixth Claims).  However, the vast majority of Plaintiffs' claims are deficient as a matter of law and should be dismissed with prejudice.  In particular, Plaintiffs:

- Failed to comply with the necessary prerequisites to bring a claim pursuant to the Federal False Claims Act and the California False Claims Act;
- Failed to comply with the California Tort Claims Act pursuant to California Government Code section 900 *et seq.*, (*see* Cal. Govt. Code §910); and
- Improperly assert breach of contract claims against the City who is not a party to the contract allegedly breached.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

DOCSOC/1495736v1/022087-0273

1    Accordingly, this Motion to Dismiss should be granted as to the First, Sixth,

2  Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth,

3  Seventeenth, Eighteenth, Nineteenth, Twentieth and Twenty First Claims.

4  Furthermore, because Plaintiffs have been given numerous opportunities to remedy

5  these deficiencies and have demonstrated that they are incapable of doing so, the

6  claims should be dismissed without leave to amend.

7  **II.    BACKGROUND**

8    **A.    Factual Background.**

9    Plaintiff AVAAA is a non-profit corporation located in Lancaster,

10  California.  Third Amended Complaint ¶¶ 22, 28.  AVAAA claims an interest in

11  certain real property located at 44845 Cedar Avenue, 44851 Cedar Avenue, 44857

12  Cedar Avenue, and 606 Lancaster Boulevard, in the City of Lancaster (the "Cedar

13  Center").    Third Amended Complaint ¶ 131.   In March of 1994, AVAAA

14  purchased the Property from the Agency.  Third Amended Complaint ¶ 131.  As

15  part of that purchase, AVAAA and the Agency entered into a Disposition

16  Agreement ("DDA").  Third Amended Complaint ¶ 30.  AVAAA alleges from

17  October 1, 2009 through January 14, 2010, Lancaster attempted to take over

18  control of AVAAA's board of directors, and from January 14, 2010 to present,

19  various Defendants took over possession of the Cedar Center.  Third Amended

20  Complaint ¶ 67, 21.  As a result of these actions, Plaintiffs allege that they suffered

21  damages for which they seek redress in the Third Amended Complaint.

22    In addition to the foregoing, the Third Amended Complaint includes a new

23  set of allegations that Lancaster violated the Federal False Claims Act and the

24  California False Claims Act.  *See* First Claim for Qui Tam.  AVAAA appears to

25  allege that Lancaster made certain false statements to both the state and federal

26  governments in connection with bond issuances and federal and state funding.  See

27  First Claim.  However, these allegations are insufficient as a matter of law.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

### B.   Procedural Background.

Plaintiffs filed this action in the Los Angeles County Superior Court on November 29, 2010.   On December 29, 2010, Lancaster removed this case to Federal Court.   In response to Lancaster's meet and confer efforts and successful Rule 12 motions, Plaintiffs filed amended complaints on January 19, 2011, March 16, 2011 and June 3, 2011.   In ruling on the most recent Rule 12 motions, this Court gave Plaintiffs express direction that they were "granted leave to amend the complaint in ***conformity with this Order.***"   Court's May 20 Order Granting Lancaster's Motion to Dismiss Order, Pg. 4 (emphasis added).   Plaintiffs' have failed to do so.   Following the filing of Plaintiffs' Third Amended Complaint and pursuant to Local Rule 7-3, counsel for the parties met and conferred regarding the deficiencies of the Third Amended Complaint.   Declaration of Allison E. Burns ("Burns Decl.") ¶¶ 2 -5, Exhs. A, B.

## III.   <u>MOTION TO DISMISS STANDARD</u>

A motion to dismiss is proper when the pleadings fail to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).   To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 571 (2007).

A motion to dismiss is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (1990); *Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (1995).   Although the court should construe a pleading in the light most favorable to the non-moving party and accept all material allegations in the complaint as true, (*see Sanders v. Kennedy*, 794 F.2d 478, 481 (1986)), the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1   the facts alleged.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55

2   (1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Further, where the

3   complaint discloses a fact that necessarily defeats a claim, the court may dismiss

4   on that basis as well.  *See Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783

5   n.1 (1997).

6   **IV.   PLAINTIFFS' *THIRD* AMENDED COMPLAINT IS FATALLY**

7   **DEFECTIVE.**

8       **A.   Plaintiffs' First Claim for Qui Tam is Legally Deficient and**

9           **Should be Dismissed.**

10      Plaintiffs' First Claim for Qui Tam is brought pursuant to the Federal False

11  Claims Act and California False Claims Act.  However, Plaintiffs have failed to

12  satisfy the mandatory procedural prerequisites to bring a claim pursuant to the

13  Federal False Claims Act and are precluded from asserting claims pursuant to the

14  California False Claims Act against Lancaster as a matter of law.  As a result of

15  these failures, Plaintiffs' First Claim is legally deficient and should be dismissed

16  with prejudice.

17      Plaintiffs allege that Lancaster made certain false statements to the federal

18  government in violation of 31 United States Code section 3729.  Third Amended

19  Complaint ¶¶ 132 and 133.  However, in order for a private citizen to bring a qui

20  tam claim pursuant to the Federal False Claims Act, that private citizen must

21  comply with certain procedural prerequisites found in 31 United States Code

22  section 3730(b).  Those prerequisites include: (i) serving a copy of the complaint

23  and written disclosure on the federal government; (ii) filing the complaint in

24  camera and under seal; (iii) provide the federal government with a minimum of 60

25  days to decide if the federal government will intervene and prosecute the case; and,

26  (iv) wait to serve the complaint upon the defendant until receiving a court order to

27  do so.  *See* 31 USC 3730(b).  In this case the Plaintiffs have failed to comply with

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1  ***all*** of the mandatory prerequisites to bring a qui tam claim pursuant to the Federal

2  False Claims Act.

3        Plaintiffs' failure to comply with the necessary procedural prerequisites is

4  grounds for dismissal.  As explained in *Erickson ex rel. United States v. American*

5  *Inst. of Biological Sciences,*

6        Qui tam relators must comply with mandatory filing and service

7        requirements.  Specifically, the statute provides that the qui tam

8        complaint "*shall* be filed in camera, *shall* remain under seal for at

9        least 60 days, and *shall* not be served on the defendant until the court

10        so orders." 31 U.S.C. § 3730(b) (2) (emphasis in original). Erickson

11        failed to comply with these statutory requirements…Erickson's

12        failure to comply with the procedural requirements … warrants

13        dismissal of this action. *Id.,* 716 F. Supp. 908, 911 (1989).

14

15        The Plaintiffs' failure to comply with these necessary prerequisites should

16  result in a dismissal with prejudice.  In fact, the Second Circuit Court of Appeals

17  held that it is an abuse of discretion for the district court to dismiss, without

18  prejudice, a qui tam claim brought pursuant to the Federal False Claims Act that

19  does not comply with the necessary prerequisites.  In *United States ex rel. Pilon v.*

20  *Martin Marietta Corp.,* the Court stated,

21        We conclude that it was an abuse of discretion to dismiss the Pilons'

22        qui tam claims without prejudice because, as in *Erickson,* the Pilons'

23        "failure to comply with the filing and service provisions [of §

24        3730(b)(2)] irreversibly frustrated the congressional goals underlying

25        those provisions."…we are authorized to modify the district court's

26        judgment to specify that the qui tam claims are dismissed with

27        prejudice. *Id.,* 60 F.3d 995, 1000 (1995).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1    There is no question that the Plaintiffs have failed to comply with *any* of the
2    necessary prerequisites found in 31 United States Code section 3730(b).   As a
3    result of that failure, Plaintiffs' First Claim for Qui Tam should be dismissed with
4    prejudice.

5    Furthermore, Plaintiffs cannot bring a claim pursuant to the California False
6    Claims Act against Lancaster as a matter of law.  The California False Claims Act
7    is codified in California Government Code section 12650 *et seq.*   California
8    Government Code section 12651(a) states, "Any *person* who commits any of the
9    following enumerated acts in this subdivision shall have violated this article and
10   shall be liable to the state or to the political subdivision..."  Emphasis added.
11   "Person" for purposes of the California False Claims Act is defined as, "any
12   natural person, corporation, firm, association, organization, partnership, limited
13   liability company, business, or trust."  Cal. Govt. Code § 12650(b)(8).  Based on
14   the definition of the term "person," the California Supreme Court has interpreted
15   the California False Claims Act to exclude local governmental agencies, such as
16   Lancaster, from liability.  Specifically, the Supreme Court stated, "[w]e conclude
17   that neither such districts, nor any ***other agencies of state and local government,***
18   are 'persons' subject to suit under the [California False Claims Act]."  *Wells v.*
19   *One2One Learning Foundation*, 39 Cal. 4th 1164, 1199 (2006) (emphasis added).
20   Plaintiffs simply cannot maintain their First Claim for Qui Tam against Lancaster
21   based on the California False Claims Act.

22   The remainder of Plaintiffs' First Claim alleges violations of various other
23   statutes.  It is unclear whether Plaintiffs seek to bring their First Claim for Qui Tam
24   pursuant to these statutes or if these statutes are cited merely for illustrative
25   purposes.  Regardless, Plaintiffs cannot establish liability on the part of Lancaster
26   in a civil action pursuant to any of the cited statutes as a matter of law:

27

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1        • In Paragraph 152, Plaintiffs state, "[p]etitioners bring this Qui Tam

2 action...pursuant to the Department of Housing and Urban Development

3 Transactions, 18 U.S.C. Chapter 47, § 1012, False Entries." 18 United States Code

4 section 1012 is a criminal statute in nature as it provides that violators, "shall be

5 fined under this title or imprisoned not more than one year, or both." 18 USC

6 1012. Further the statute has been described as, "a general penal statute covering

7 all programs and purposes of the Department of Housing and Urban

8 Development." *United States v. Purcell*, 360 F. Supp. 1074, 1077 (1973). It is

9 axiomatic that this criminal statute does not give Plaintiffs standing to pursue a

10 civil action against Lancaster.

11        • In Paragraph 166, Plaintiffs state, "the government defendants are in

12 violation of the Clean Water Act (CWA)." It is entirely unclear whether the

13 Plaintiffs are attempting to bring suit pursuant to the Clean Water Act. However,

14 no action may be commenced pursuant to the Clean Water Act, "prior to sixty days

15 after the plaintiff has given notice of the alleged violation (i) to the Administrator,

16 (ii) to the State in which the alleged violation occurs, and (iii) to any alleged

17 violator of the standard, limitation, or order..." 33 USC 1365(b)(1)(A). Plaintiffs

18 have failed to meet any of these mandatory prerequisites.

19

20        • In Paragraph 198, Plaintiffs state that they, "bring this action under 42

21 USC Sec. 6991e as private attorney general. As such plaintiffs are entitled to both

22 attorneys' fees and penalties of up to $10,000 per day from December 22, 1998

23 forward as private attorney general and as whistleblower." As briefed in detail in

24 Lancaster's Motion to Dismiss the First Amended Complaint (filed on January 30,

25 2011) and Lancaster's Motion to Strike the Second Amended Complaint (filed on

26 March 30, 2011), Plaintiffs cannot seek civil penalties pursuant to 42 United States

27 Code section 6991e as a matter of law. *See College Park Holdings v. Racetrac*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1  *Petroleum,* 239 F. Supp. 2d 1334, 1348-1349 (2002) and *Dydio v. Hesston Corp.,*

2  887 F. Supp. 1037, 1039 (1995).  Because the sole remedy Plaintiffs seek is the

3  penalty unrecoverable as a matter of law, Plaintiffs' claim brought pursuant to 42

4  United States Code section 6991e should be dismissed with prejudice.  *Tahir Erk v.*

5  *Glenn L. Martin Co.,* 116 F.2d 865, 870 (1941) [a motion to dismiss... is

6  applicable, as a general rule, only where it is clear and apparent to the court that

7  the plaintiff would not be entitled to relief under any state of facts which could be

8  proved in support of the specific claim].

9

10  • In Paragraph 202, Plaintiffs allege that they, "are entitled to damages

11  for Security and Exchange violations under the Frank Dodd act."   Lancaster

12  assumes that Plaintiffs are referring to the "Dodd-Frank Wall Street Reform and

13  Consumer Protection Act" 12 United States Code section 5301 *et seq.* ("Dodd-

14  Frank Act").  However, there is no provision of the Dodd-Frank Act that empowers

15  Plaintiffs to pursue a civil action against Lancaster for alleged violations of that

16  act.

17  Plaintiffs' First Claim for Qui Tam is legally deficient for all of the preceding

18  reasons; it should be dismissed with prejudice.

19

20  **B.   The   Tenth,   Eleventh,   Twelfth,   Thirteenth,   Fourteenth,**

21  **Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth and**

22  **Twenty-First Claims of the Third Amended Complaint Fail to**

23  **Comply with the Requirements of the California Tort Claims**

24  **Act.**

25  The California Tort Claims Act establishes certain conditions precedent to

26  the filing of a lawsuit against a public entity.  *State of California v. Superior Court*

27  *(Bodde)*, 32 Cal.4th 1234, 1237 (2004); *see also* Cal. Govt. Code § 900 *et seq.*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1   Specifically, as it relates to claims which arise under California state law, a

2   plaintiff must timely file a claim for money or damages with the public entity

3   *before* it may file suit seeking damages.   *Bodde, supra*, 32 Cal.4th at 1237

4   (emphasis added); *see also* Cal. Govt. Code §§ 911.2 and 954.4.   These

5   requirements apply to actions arising under contract as well as in tort.   *Alliance*

6   *Financial v. City and County of San Francisco*, 64 Cal.App.4th 635, 641-642

7   (1998); *see also City of Stockton v. Superior Court (Civic Partners Stockton LLC)*,

8   42 Cal.4th 730, 739-740 (2007) ["Thus, it is clear that the references to 'money or

9   damages' … were always intended to embrace contract as well as tort claims"].

10   The purpose of the California Tort Claims Act is to provide public agencies

11   with sufficient information to enable them to adequately investigate and settle

12   claims against them *without resort to the expense of litigation*.   *Nelson v. State of*

13   *California*, 139 Cal.App.3d 72, 80 (1982) (emphasis added).   Accordingly, because

14   the presentation of a tort claim *before* the filing of a suit is a necessary prerequisite

15   to filing such a suit (*Bodde, supra*, 32 Cal.4th at 1237, Cal. Govt. Code §§ 911.2,

16   954.4), the failure to present a tort claim cannot be remedied by presenting a claim

17   after the suit has already been commenced.   Further, any claim not raised in a

18   timely presented claim pursuant to the Tort Claims Act is barred by law.   *Nelson,*

19   *supra,* 139 Cal.App.3d at 80.   California case law is clear: each and every theory

20   upon which a plaintiff seeks to recover must be set forth in a timely Tort Claims

21   Act claim presented prior to filing suit.

22   If a plaintiff relies on more than one theory of recovery against [a public

23   entity], each cause of action must [be] reflected in a timely claim.   In

24   addition, the factual circumstances set forth in the written claim must

25   correspond with the facts alleged in the complaint; *even if the claim were*

26   *timely, the complaint is vulnerable to a demurrer if it alleges a factual*

27

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1       **basis for recovery which is not fairly reflected in the written claim.**

2   *Nelson, supra*, 139 Cal App. 3d at 79 (emphasis added).

3

4       Any theory not presented in the written claim is subject to demurrer. *Id*. For

5 instance, in *Watson v. State of California*, 21 Cal.App.4th 836 (1993), the plaintiff

6 filed a claim alleging that while he was a prisoner, the State of California failed to

7 provide him with medical care. However, the plaintiff's first amended complaint

8 alleged that the State failed to provide him with "appropriate and adequate medical

9 treatment." The court determined that the variance between the allegation in the

10 claim served on the State of California and the allegations in the first amended

11 complaint was fatal and sustained the State's demurer on the ground that the

12 "failure to summon medical care is not the same as the failure to provide adequate

13 care." *Id.* at 845. Similarly, here the variance between Plaintiffs' allegations in

14 their tort claims and the theories they now present in the Third Amended

15 Complaint are also fatal. For the reasons discussed in detail below, the Plaintiffs'

16 Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Sixteenth, Seventeenth,

17 Eighteenth, Nineteenth, Twentieth and Twenty-First Claims fail to comply with the

18 California Tort Claims Act and should be dismissed with prejudice.

19

20       1. Plaintiffs' Tenth Claim.

21       The Tenth Claim alleges a violation of a Disposition and Development

22 Agreement ("DDA") executed by AVAAA and the Agency. AVAAA alleges five

23 separate violations of the DDA: (i) failure to remove underground storage tanks

24 (Third Amended Complaint ¶ 322); (ii) seizure of AVAAA's property by

25 Lancaster after Lancaster was informed of the litigation AVAAA had filed to

26 recover possession of the Cedar Center in violation of the DDA (Third Amended

27 Complaint ¶¶ 322); (iii) seizure of AVAAA's property by Lancaster while

Lancaster was guilty of "acts or omissions" in violation of the DDA (Third

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1   Amended Complaint ¶¶ 323); (iv) seizure of AVAAA's property by Lancaster
2   while Lancaster was guilty of "acts or failures to act" in violation of the disposition
3   agreement (Third Amended Complaint ¶ 324); and (v) failure to remove or assist in
4   the removal of any unfriendly environmental substances (Third Amended
5   Complaint ¶¶ 325).   However, AVAAA failed to present a timely tort claim to
6   Lancaster that included the factual circumstances that make up the Tenth Claim.

7        AVAAA's June 29 and July 6, 2010 tort claims presented to the Agency
8   (attached as Exhibits 3 and 7 to the Third Amended Complaint), and July 6, 2010
9   tort claim presented to the City (attached as Exhibit 8 to the Third Amended
10  Complaint) all fail to present the factual circumstances that comprise the Tenth
11  Claim.   In fact, the only reference to the DDA found in each of these claims is as
12  follows: "[r]ather, under Color of Law, and without any bases for doing so (other
13  than to gain and advantage with its 'disposition agreement' contract of 1994 and to
14  take self-help possession of the property under the note and deed of trust)..."
15  Exhibit 3, Pg. 5, Exhibit 7, Pg. 5, and Exhibit 8, Pg. 5.   Nowhere in these tort
16  claims does AVAAA state any of the five alleged violations found in the Tenth
17  Claim or the alleged facts upon which those violations are based.   It was not until
18  February 3, 2011, *more than three months after Plaintiffs filed this action*, that
19  AVAAA presented a claim to Lancaster that included factual allegations
20  supporting AVAAA's claim that Lancaster violated the DDA by failing to remove
21  the underground storage tanks. *See* Exhibit 16 and 17.

22       Furthermore, California Government Code section 911.2 requires, "[a] claim
23  relating to a cause of action [other than for death or for injury to person or to
24  personal property or growing crops]... shall be presented...not later than one year
25  after the accrual of the cause of action." Cal. Govt. Code § 911.2. The statute of
26  limitations contained with Government Code section 911.2 has now run with
27  respect to each of the above referenced allegations.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-

MOTION TO DISMISS

AVAAA alleges that Lancaster was obligated to remove underground storage tanks in or before 1998 (Third Amended Complaint ¶¶ 319), which is *12 years* prior to AVAAA's presentation of its initial tort claim to Lancaster. Further, AVAAA's allegations concerning the failure to remove or assist in the removal of any unfriendly environmental substances arose from the sale of the Cedar Center to AVAAA in 1994 (Third Amended Complaint ¶¶ 318, 325) some *16 years* prior to AVAAA's presentation of its initial tort claim to Lancaster. Finally, AVAAA alleges that Lancaster seized AVAAA's property in violation of the DDA in June 2010 -- over a year ago (Third Amended Complaint ¶¶ 79). As a result, AVAAA has failed to present Lancaster with a timely tort claim for alleged violations of the DDA arising from Lancaster's alleged seizure of AVAAA's property.

AVAAA failed to present a tort claim that included facts upon which the Tenth Claim of the Third Amended Complaint is based prior to commencing this action. As such, the Tenth Claim is barred as a matter of law and should be dismissed with prejudice.

### 2. Plaintiffs' Eleventh Claim.

The Eleventh Claim is alleged by plaintiffs AVAAA, Thompson, Easley and Ponting against Lancaster. The Eleventh Claim seeks to rescind certain contracts. Plaintiff AVAAA appears to seek to rescind the DDA between AVAAA and the Agency. The grounds upon which AVAAA seeks rescission are: (i) "AVAAA would not have entered into the disposition agreement had it known of the hidden asbestos and possible lead paint problems" (Third Amended Complaint ¶ 330); (ii) AVAAA would not have entered into the disposition agreement had it known that Lancaster would not remove the underground storage tanks (Third Amended Complaint ¶ 331); and, (iii) AVAAA would not have entered into the disposition agreement "if AVAAA had known that the rehabilitation would cost $4.6 million"

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1  (Third Amended Complaint ¶ 332).   As a result of this claim AVAAA seeks

2  "$250,628 plus attorney's fees and costs in return for returning the Cedar Center to

3  the [Agency] or its alter ego, City."   Third Amended Complaint ¶ 336.   Once

4  again, AVAAA did not present a tort claim to Lancaster that included the facts

5  upon which this claim was based prior to filing this action.   As previously

6  mentioned, AVAAA alleges that the underground storage tanks were required to

7  be removed by 1998, some 12 years prior to AVAAA's presentation of its initial

8  tort claim.   The only mention of asbestos in a tort claim is found in the February 3,

9  2011 tort claim presented by AVAAA to the City and Agency **after** the filing of

10  this action.   Exhibit 16, Pg. 2 and Exhibit 17, Pg. 2.   Further, this tort claim was

11  presented more than a year after AVAAA was informed of the existence of

12  asbestos.   Third Amended Complaint ¶¶ 58, 59.   AVAAA failed to present a timely

13  tort claim that included the facts upon which the Eleventh Claim is based; as a

14  result, AVAAA's claim should be dismissed.

15  　　　　Further, Plaintiffs Thompson, Easley and Ponting also seek rescission of

16  certain unknown contracts on grounds that they were not aware of the existence of

17  asbestos, the potential threat posed by the underground storage tanks and lead

18  paint.   *See* Third Amended Complaint ¶ 333.   Plaintiffs Thompson, Easley and

19  Ponting did not present any tort claim including these facts; therefore, their claims

20  should be dismissed with prejudice.

21  　　　　3. Plaintiffs' Twelfth Claim.

22  　　　　The Twelfth Claim is asserted by plaintiffs AVAAA, Thompson, Easley and

23  Ponting against Lancaster.   The claim seeks damages in connection with an alleged

24  breach of the covenant of good faith and fair dealing in connection with the 1994

25  DDA.   Third Amended Complaint ¶ 339.   However, as previously discussed, the

26  only mention of the DDA in a tort claim prior to the filing of this action was,

27  "[r]ather, under Color of Law, and without any bases for doing so (other than to

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1     gain and advantage with its 'disposition agreement' contract of 1994 and to take

2     self-help possession of the property under the note and deed of trust)…" Exhibit 3,

3     Pg. 5, Exhibit 7, Pg. 5, and Exhibit 8, Pg. 5.   Accordingly, Plaintiffs failed to

4     present a tort claim that included the facts upon which their claim for breach of the

5     covenant of good faith and fair dealing is based prior to the filing of this action.

6     As a result, their claim should be dismissed with prejudice. *State of California*,

7     supra, 32 Cal.4th at 1237 [tort claim must be presented *before* filing suit].

8                 4. Plaintiffs' Thirteenth, Fourteenth, Sixteenth and Seventeenth

9                   Claims.

10       The Thirteenth, Fourteenth, Sixteenth and Seventeenth Claims allege

11     intentional misrepresentation, negligent misrepresentation, fraud and fraudulent

12     misrepresentation respectively.   Each of these claims are premised upon the

13     following alleged set of facts:

14          • Lancaster promised to remove the underground storage tanks at the

15     Cedar Center but failed to do so.  Third Amended Complaint ¶¶ 351, 366, 384,

16     401;

17          • Lancaster failed to disclose that asbestos was present at the Cedar

18     Center.  Third Amended Complaint ¶¶ 353, 368, 386, 402;

19          • Lancaster promised to abide by the terms of the DDA.   Third

20     Amended Complaint ¶¶ 354, 383; and,

21          • Lancaster failed to remove or assist in removal of unfriendly

22     environmental substances.  Third Amended Complaint ¶¶ 355, 369, 387.

23       The facts that form the basis for each of these claims were never presented

24     to Lancaster by way of a tort claim prior to the filing of this action.  In fact, the

25     only mention of any of these facts, the failure to remove the underground storage

26     tanks and failure to disclose the existence of asbestos, were presented to Lancaster

27     in a tort claim presented *three months* after Plaintiffs filed this action. *See* Exhibit

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-

MOTION TO DISMISS

1  17 and 18.  Plaintiffs have failed to comply with the California Tort Claims Act

2  and the Thirteenth, Fourteenth, Sixteenth and Seventeenth Claims should be

3  dismissed with prejudice.  *State of California, supra*, 32 Cal.4th at 1237  [tort

4  claim must be presented *before* filing suit].

5          5.  Plaintiffs' Eighteenth, Nineteenth, Twentieth and Twenty-First

6              Claims.

7          The Eighteenth, Nineteenth, Twentieth and Twenty-First Claims allege that

8  Lancaster induced breach of contract, intentionally interfered with prospective

9  economic advantage, negligently interfered with prospective economic advantage

10  and intentionally interfered with contractual relations, respectively.  Each of these

11  claims are premised upon the following alleged set of facts:

12          •  Plaintiffs had business relationships, contractual and otherwise, with

13  third parties.  Third Amended Complaint ¶¶ 409-410, 420-421, 432-433,  442-443;

14          •  Lancaster knew of the existence of these business relationships.  Third

15  Amended Complaint ¶¶ 411, 422, 434, 444;

16          •  Lancaster acted, either intentionally or negligently, to interfere with

17  these business relationships.  Third Amended Complaint ¶¶ 412, 423, 437, 446;

18          •  As a result of Lancaster's conduct, the business relationships were

19  either terminated or disrupted.  Third Amended Complaint ¶¶ 414, 427, 438, 448.

20          Once again, the tort claims that were presented prior to the filing of this

21  action do not include any of the facts upon which these claims are based.  This

22  failure is magnified as a result of Plaintiffs' refusal to plead specific facts in

23  support of these claims.  Instead, Plaintiffs simply recite the elements of each of

24  these claims.  Notwithstanding Plaintiffs' refusal to plead facts in support of these

25  claims, the tort claims that Plaintiffs have attached as exhibits to the Third

26  Amended Complaint establish that Plaintiffs failed to present a any tort claim

27  which included facts supporting these claims.  As a result, the Eighteenth,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1  Nineteenth, Twentieth and Twenty First Claims should be dismissed with

2  prejudice.

3          Finally, Plaintiffs allege that Lancaster rejected each of the tort claims

4  presented by Lancaster.  Third Amended Complaint ¶¶ 25, 26.  This contention is

5  misleading.   Lancaster did not simply reject all of the Plaintiffs' tort claims,

6  instead, for the vast majority of claims submitted, Lancaster responded with a

7  Notice of Insufficiency, pursuant to Government Code section 910.8, requesting

8  that Plaintiffs provide additional information.  Plaintiffs failed to respond to these

9  Notices of Insufficiency.   Lancaster has attached copies of all the Notices of

10  Insufficiency sent in response to the Plaintiffs' tort claims to the Declaration of

11  Allison E. Burns as exhibits C through J.  Pursuant to *Branch v. Tunnell*, 14 F3d

12  449, 454 (1994) and *Bryant v. Avado Brands, Inc.*, 187 F3d 1271, 1281, fn. 16

13  (1999) when a Plaintiff fails to attach a document that is the basis for the

14  complaint, the defendant may attach a copy of that document to a Rule 12(b)(6)

15  motion in order to show that the document does not support the plaintiff's claim.

16  Lancaster respectfully requests that the Court consider Lancaster's responses to

17  Plaintiffs' tort claims to the extent necessary.

18          **C.     The Plaintiffs Wrongly Name the City as a Defendant in Their**

19                  **Tenth, Eleventh and Twelfth Claims.**

20          Plaintiffs name the City as a defendant in their Tenth Claim for Violation of

21  Disposition Agreement, Eleventh Claim for Rescission and their Twelfth Claim for

22  Breach of the Covenant of Good Faith and Fair Dealing.  Each of these claims is

23  based on the DDA to which the City is not a party.  Third Amended Complaint ¶¶

24  322, 330, 339.  The City's non-party status is confirmed by Plaintiffs in Paragraph

25  318, which describes the DDA as, "a contract entered into between government

26  defendant Lancaster Redevelopment Agency and plaintiff AVAAA."   It is

27  axiomatic that the City cannot breach a contract or be ordered to rescind a contract

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1  to which it is not a party.  Under California law, breach of contract is "defined as

2  an unjustified or unexcused failure to perform all or any part of what is promised in

3  a contract."  *Sackett v. Spindler*, (1967) 248 Cal. App. 2d 220, 227.  Second,

4  because the City is not a party to the DDA, the City could not have breached the

5  covenant of good faith and fair dealing.  California law states, "[t]he prerequisite

6  for any action for breach of the implied covenant of good faith and fair dealing is

7  the existence of a contractual relationship between the parties, since the covenant is

8  an implied term in the contract."  *Smith v. City and County of San Francisco*,

9  (1990) 225 Cal. App. 3d 38, 49.

10      Notwithstanding these basic doctrines of law, the Plaintiffs attempt to make

11  the City liable by alleging that the City is the "alter-ego" of the Agency.  Third

12  Amended Complaint ¶ 31.  Plaintiffs' belief that the City is the "alter-ego" of the

13  Agency is counter to well-settled law.  California case law has clearly established

14  that the Agency is not the "alter-ego" of the City.  *See Pacific States Enterprise,*

15  *Inc. v. City of Coachella*, 13 Cal. App. 4th 1414 (1993).  According to *Pacific*

16  *States*,

17      When a 'dual capacity legislative body' acts as the governing board of a

18      redevelopment agency, it is the redevelopment agency which is acting by

19      and through that legislative body; and when that same legislative body acts

20      as the governing body of the 'community' (i.e., city) over which it exercises

21      local governmental powers, it is the 'community' which is acting by and

22      through that legislative body.  The redevelopment agency and the

23      'community' are not one and the same governmental entity. *Id.* at 1425.

24      The City is not a party to the disposition agreement.  Nor is the City the

25  "alter-ego" of the Agency as a matter of law.  As such, the Plaintiffs have no basis

26  upon which to maintain any claim against the City for alleged violations of the

27  DDA.  The Court should dismiss the Tenth, Eleventh and Twelfth Claims against

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-

DOCSOC/1495736v1/022087-0273

the City with prejudice.

### D.    Plaintiffs' Sixth And Eighth Claims Fails To Plead Necessary Elements.

1. Plaintiffs' do not Plead a Claim for Forcible Entry.

Plaintiffs' Sixth Claim for Forcible Entry fails to plead necessary elements to establish a claim for forcible entry.  Plaintiffs allege that on January 12, 2010 they were in actual and peaceful possession of the Cedar Center.  Third Amended Complaint ¶ 288.  Plaintiffs further allege that, "[o]n or about January 14, 2010...the [Agency] and the City of Lancaster, after peaceably entering the premises, turned out plaintiff..."  Third Amended Complaint ¶ 289.  A cause of action for forcible entry arises under Code of Civil Procedure section 1159, which states, "Every person is guilty of a forcible entry who either:...2. after entering peaceably upon real property, *turns out by force, threats or menacing conduct, the party in possession.*"  Cal. Code Civ. Proc. § 1159; (emphasis added).

Plaintiffs here allege that Lancaster entered into the Cedar Center peacefully. Third Amended Complaint ¶ 289.  As such, Plaintiffs are proceeding pursuant to Code of Civil Procedure section 1159(2).   However, the Third Amended Complaint is devoid of any allegation that the Plaintiffs were turned out by "force, threats or menacing conduct" as required by Code of Civil Procedure section 1159(2).[1]   As such, Plaintiffs' Sixth Claim for Forcible Entry fails to plead a necessary element and should be dismissed.

---

[1] Plaintiffs' reference the claim of forcible detainer in Paragraph 292 of the Third Amended Complaint.  Lancaster believes that this is merely a typo and that Plaintiffs' have only plead a claim for forcible entry.  However, to the extent that Plaintiffs are attempting to plead a claim for forcible detainer, that claim would also fail as a result of Plaintiffs' failure to plead necessary elements.  In order to properly plead a claim for forcible detainer the Plaintiffs must allege either: (i) that Lancaster "[b]y force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property," or, (ii) Lancaster "in the night-time, or during the absence of the occupant of any lands, unlawfully [entered] upon real property..." Cal. Code Civ. Proc. § 1160.  Plaintiffs have failed to plead these required elements.  As a result, any claim for forcible detainer would fail as a matter of law.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1      2.  Plaintiffs' Claim for Mandamus/Injunction is Insufficient as a

2       Matter of Law.

3    Plaintiffs' Eighth Claim for Mandamus/Injunction fails as a matter of law as

4 against the City and the Agency because it fails to allege that the City or the

5 Agency had a duty to perform with respect to Plaintiffs. *Payne v. Superior Court*,

6 17 Cal.3d 908 (1976).  According to *Payne*, "a writ will lie when there is no plain,

7 speedy, and adequate alternative remedy; the respondent has a duty to perform; and

8 the petitioner has a clear and beneficial right to performance." *Payne, supra.* 17

9 Cal.3d at 925.  Here, the Plaintiffs have failed to allege that the City or Agency has

10 a duty to perform the actions Plaintiffs seek to compel.  As a result, Plaintiffs have

11 failed to establish a necessary element of their claim.

12    Further, a writ of mandate lies only when there is no adequate alternative

13 remedy.  *Id.*  The Third Amended Complaint itself establishes that Plaintiffs' have

14 a myriad of alternative remedies.  By way of the Eighth Claim, Plaintiffs seek

15 injunctions ordering the Defendants to stop presenting themselves as AVAAA or

16 the board of AVAAA and to stop interfering with the "true board" of AVAAA.

17 *See* Prayer for Relief, Third Amended Complaint, Pg. 104, Lns. 17-28.  Plaintiffs

18 seek relief for almost identical allegations in their Seventh Claim for Declaratory

19 Relief and Fifteenth Claim for Identity Theft.  *See* Prayer for Relief, Third

20 Amended Complaint, Pg. 100, Lns. 15-21 and Pg. 101, Lns. 8-18.  Further,

21 Plaintiffs seek an injunction to compel the Defendants to cease their occupation of

22 the Cedar Center. *See* Prayer for Relief, Third Amended Complaint, Pg. 105, Lns.

23 13-16.  If successful the requested injunction would achieve the exact same

24 outcome as Plaintiffs' Sixth Claim for Forcible Entry, which seeks an order

25 returning possession of the Cedar Center to Plaintiffs.  *See* Prayer for Relief, Third

26 Amended Complaint, Pg. 100, Lns. 22-24.

27

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-19-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1    The Eighth Claim for Mandamus/Injunction fails as a matter of law because

2  Plaintiffs have failed to establish that Lancaster has a duty to perform and because

3  alternative forms of relief remain available to Plaintiffs, as is readily apparent from

4  the other twenty claims asserted in the Third Amended Complaint.

5    **E.    Plaintiffs' Claims Suffer From Additional Fatal Defects.**

6    In addition to the foregoing fatal defects in the Plaintiffs' Third Amended

7  Complaint, many of Plaintiffs' twenty-one claims suffer from additional defects

8  arising primarily as a result of Plaintiffs' failure to plead necessary facts or

9  elements.   Plaintiffs have now attempted to state their claims in four separate

10  complaints – they have had more than ample opportunity to properly plead their

11  claims.  Plaintiffs' failure to plead the required elements of each claim at this stage

12  of the litigation indicates that the facts simply do not exist to support their claims.

13  Therefore, the Court should order the claims dismissed with prejudice.

14        1. Plaintiffs do not Allege that they Relied on the Alleged

15            Misrepresentation in the Seventeenth Claim.

16    Plaintiffs' Seventeenth Claim for Fraudulent Misrepresentation fails as a

17  matter of law because Plaintiffs fail to allege that they relied upon the alleged

18  misrepresentation.  *Mirkin v. Wasserman*, 5 Cal.4th 1082, 1088 (1993) [to state a

19  cause of action for deceit based on a misrepresentation, a plaintiff must plead

20  actual reliance on the misrepresentation].  Here, Plaintiffs nowhere allege that they

21  relied on the misrepresentations attributed to Lancaster.  The Seventeenth Claim is

22  fatally defective.

23        2. Plaintiffs' Fail to Properly Allege Negligence in Support of their

24            Twentieth Claim for Negligent Interference with Prospective

25            Economic Advantage.

26    Plaintiffs' Twentieth Claim for Negligent Interference with Prospective

27  Economic Advantage fails as a matter of law because: (i) Plaintiffs fail to allege

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-20-

MOTION TO DISMISS

negligence on behalf of the Agency or the City (*North American Chemical Co. v. Superior Court*, 59 Cal.App.4th 764, 786 (1997)), and (ii) Plaintiffs fail to allege that the Agency or City owes them a duty of care. *Limandri v. Judkins*, 52 Cal.App.4th 326, 348 (1997) [The tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care]. The Twentieth Claim is fatally deficient.

> 3.  Thirteenth, Fourteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty First Claims are Based Solely on Threadbare Recitals of the Elements of the Claim.

The Plaintiffs' Thirteenth, Fourteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First claims all merely state the elements of their respective claims and rely on conclusory allegations. Such conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), plaintiffs must do more than recite the elements of the claim; they must "provide the grounds of [their] entitlement to relief" and allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 526 U.S. ___, 129 S.Ct. 1937, 1940 (2009).

Here, Plaintiffs' Thirteenth, Fourteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First claims do nothing more than recite the elements of each of those claims. For instance, Plaintiffs' Eighteenth Claim is wholly lacking in facts to support a claim that is plausible on its face. Instead of providing facts, the Plaintiffs allege the existence of certain contracts without providing any specifics as to the terms of those contracts, the parties to those

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-21-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1  contracts, or the value of those contracts. *See* Third Amended Complaint ¶¶ 409-

2  410. Further, the Plaintiffs' allege that Defendants' conduct resulted in breach by

3  unknown third parties of unspecified contracts. *See* Third Amended Complaint ¶

4  414. As a result, these claims include only conclusory statements, failing to

5  provide the information necessary to substantiate that the claims are plausible on

6  their face.

7      Plaintiffs' failure to provide such facts is in direct violation of the May 20

8  Order. In that Order the Court stated,

9      City Defendants did not move to dismiss Plaintiffs' other claims, but the

10  Court doubts they meet <u>Twombly</u> and <u>Iqbal's</u> plausibility standard. For this

11  reason, ***if Plaintiffs file an amended complaint, these claims should be***

12  ***supported by more than the vague and conclusory allegations that litter***

13  ***the current complaint*…**" May 20 Order, Footnote 1 (emphasis added).

14  The Plaintiffs have had four opportunities to plead their claims with facts sufficient

15  to meet the *Twombly* and *Iqbal* plausibility standard, but have refused to do so.

16  Furthermore, Plaintiffs most recent refusal to adequately plead their claims directly

17  violates this Court's May 20 Order. As such, the Plaintiffs have demonstrated that

18  they are incapable of supporting these claims with facts. The Court should order

19  these claims dismissed with prejudice.

20  **V.    CONCLUSION**

21      Plaintiffs' Third Amended Complaint contains claims which are improper,

22  inconsistent and insufficient. Plaintiffs' failure to comply with the California Tort

23  Claims Act is manifest now that they have, at long last, provided their claims to the

24  Court. Furthermore, Plaintiffs continue to fail to adequately plead their claims in

25  outright defiance of this Court's order to conform to the *Twombly* and *Iqbal*

26  plausibility standard. The only explanation for Plaintiffs' conduct is that facts do

27  not exist to support Plaintiffs' claims. For all of the foregoing reasons, Lancaster's

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-22-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

1  Motion to Dismiss should be granted.  As the deficiencies in Plaintiffs' claims

2  cannot be cured, the Court should order the Plaintiffs' First, Fourth, Sixth Eighth,

3  Tenth,   Eleventh,   Twelfth,   Thirteenth,   Fourteenth,   Fifteenth,   Sixteenth,

4  Seventeenth,  Eighteenth,  Nineteenth,  Twentieth  and  Twenty First  Claims

5  dismissed with prejudice.

6  Dated:  June 17, 2011                    Respectfully submitted,

7

8

9  By: _____
        Allison E. Burns
10       Reed T.C. Glyer
        David C. Palmer
11       STRADLING YOCCA CARLSON &
        RAUTH

12       Attorneys for Defendants
        The City of Lancaster and
13       Lancaster Redevelopment Agency

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-23-

MOTION TO DISMISS

DOCSOC/1495736v1/022087-0273

## CERTIFICATE OF SERVICE

I certify that on June 17, 2011 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, I hereby certify that a true and correct copy was served in the manner set forth below:

☐    **BY EMAIL:**  by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below.

☐    **BY FACSIMILE:**  by transmitting via facsimile the document(s) listed above to the facsimile number(s) set forth below.  I certify that said transmission was completed without error and that a report was generated by facsimile machine (949) 725-4100 which confirms said transmission.

☐    **BY OVERNIGHT DELIVERY:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, and delivering via overnight courier and addressed as set forth below, respectively.

☒    **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail in Newport Beach, California, addressed as set forth below.

☐    **BY PERSONAL DELIVERY:**  by causing personal delivery by Nationwide Legal, Inc. of the document(s) listed above to the person(s) at the address(es) set forth below

### SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 17, 2011, at Newport Beach, California.

Karen M. Hardy

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-24-

CERTIFICATE OF SERVICE

DOCSOC/1495736v1/022087-0273

## SERVICE LIST

**Antelope Valley Allied Arts Association v. Lancaster Redevelopment Agency**
**United States District Court Case No. CV10-10039 DSF (FMOx)**

Olaf Arthur Landsgaard
Law Offices of Olaf Landsgaard
P.O. Box 2567
4171 Knox Avenue
Rosamond, CA 93560
Telephone:  661-256-9271
Facsimile:  661-256-9212
*olaf@olaflandsgaard.com*

*Attorney for Plaintiffs,*
*ANTELOPE VALLEY ALLIED ARTS*
*ASSOCIATION (AVAAA); LINDA*
*REYNOLDS; MONIQUE JOHNSON;*
*TONIA THOMPSON; STEVE*
*PONTING; LYNDON EASLEY;*
*TRACEE ESTABROOKE; DAVID*
*HASSE;*
*and EVIE COOK*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SERVICE LIST

DOCSOC/1495736v1/022087-0273