1
2
3
4
5
6
7
8
9

ALLISON E. BURNS, SBN 198231
*aburns@sycr.com*
DAVID C. PALMER, SBN 251609
*dpalmer@sycr.com*
RICHARD A. GONZALEZ, SBN 276571
*rgonzalez@sycr.com*
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Exempt from filing fee
Government Code § 6103

10
11
12
13

Attorneys for Defendants
City of Lancaster, Lancaster Redevelopment
Agency, Mitra Licciardi, individually and
dba Cedar Performing Arts Academy
(CPAA), Michelle Navarette; and Nina
Spencer Perry

14

UNITED STATES DISTRICT COURT

15

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

16
17
18
19
20

ANTELOPE VALLEY ALLIED ARTS
ASSOCIATION (AVAAA); LINDA
REYNOLDS; TONIA THOMPSON;
STEVE PONTING; LYNDON
EASLEY; TRACEE ESTABROOKE;
DAVID HASSE; and EVIE COOK,

        Plaintiffs,

21

        v.

22
23
24
25
26
27

LANCASTER REDEVELOPMENT
AGENCY; CITY OF LANCASTER;
MITRA LICCIARDI, INDIVIDUALLY
AND DBA CEDAR PERFORMING
ARTS ACADEMY (CPPA);
MICHELLE NAVARETTE; JOSIE
ALCOSER; and DOES 1 through 100,
inclusive,

28

        Defendants.

CASE NO. CV10-10039-DSF (FMOx)

**OPENING BRIEF OF DEFENDANTS
CITY OF LANCASTER AND
LANCASTER REDEVELOPMENT
RE AWARD OF ATTORNEYS' FEES
FOR SUCCESSFUL SPECIAL
MOTION TO STRIKE (ANTI-SLAPP
MOTION)**

*[[PROPOSED] ORDER; JOINT
STATEMENT; DECLARATIONS OF
ALLISON E. BURNS AND DAVID C.
PALMER; REQUEST FOR JUDICIAL
NOTICE FILED CONCURRENTLY
HEREWITH]*

Action Filed: November 29, 2010
Discovery Cutoff: June 16, 2012
Trial Date: October 16, 2012
**HEARING:**
**DATE:**          January 16, 2012
**TIME:**          1:30 p.m.
**COURTROOM:**  840

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

1  LANCASTER REDEVELOPMENT
2  AGENCY,

3           Counterclaimant

4           v.

5

6  ANTELOPE VALLEY ALLIED ARTS
   ASSOCIATION,
7

8           Counterdefendant.

9  ANTELOPE VALLEY ALLIED ARTS
10 ASSOCIATION,

11          Counterclaimant

12          v.

13

14 LANCASTER REDEVELOPMENT
15 AGENCY,

16          Counterdefendant.

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES
DOCSOC/1528157v1/022087-0273

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that per the Court's Order Setting Briefing Schedule Pursuant to the Court's Order re Motion for Attorneys' Fees entered by the Court on November 16, 2011 ("Court's Order Setting Briefing Schedule") Defendants City of Lancaster and Lancaster Redevelopment Agency (collectively "Lancaster") hereby submit their Opening Brief re Award of Attorneys' Fees for Successful Special Motion to Strike ("Anti-SLAPP Motion") requesting an award of attorneys' fees in favor of Lancaster and against Plaintiffs Antelope Valley Allied Arts Association; Tonia Thompson; Steve Ponting; Lyndon Easley; Tracee Estabrooke; David Hasse; Evie Cook and Staretta Moffat – as relator – behalf of themselves and the United States of America, and the State of California ("Plaintiffs").

PLEASE TAKE FURTHER NOTICE that pursuant to the Court's Order Setting Briefing Schedule, the hearing on this matter is currently set to take place on January 16, 2012 at 1:30 p.m., or as soon thereafter as the matter may be heard, in courtroom 840 of the above-entitled Court. However, January 16, 2012 is a court holiday, Martin Luther King, Jr. day. The parties will be filing a stipulation requesting an order from the Court continuing the hearing date on this matter to February 6, 2012; all other dates set by the Court's Order Setting Briefing Schedule remain the same.

This Brief is submitted pursuant to the Court's Order Setting Briefing Schedule, the Court's Order re Motion for Attorneys' Fees, entered on August 30, 2011, and the Court's Order Granting the City of Lancaster's and Lancaster Redevelopment Agency's Motion to Strike the Fifth Claim Pursuant to California's Anti-SLAPP Statute on the basis that Lancaster is entitled to recover its attorneys'

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

1  fees and costs pursuant to California Code of Civil Procedure section 425.16(c)(1)

2  as a result of its successful Anti-SLAPP Motion.

3

4      Pursuant to the Court's Order re Motion for Attorneys' Fees this brief is

5  submitted following meet and confer efforts pursuant to Local Rule 7-3 between

6  counsel on September 7, 8, 12, 14, 23 and 29, 2011 as well as October 3, 5, 6 and

7  11, 2011.

8

9      This Brief is based on this notice, the attached memorandum, the

10  Declaration of David C. Palmer, the records, pleadings and documents in this case,

11  and upon such other oral or documentary evidence as may be presented at or

12  before the hearing on this matter.

13

14  DATED: November 28, 2011      STRADLING YOCCA CARLSON & RAUTH

15                            A Professional Corporation

16                            By: _____

17                            Allison E. Burns

                          David C. Palmer

18                            Richard A. Gonzalez

19                            Attorneys for Defendants

                          City of Lancaster, Lancaster Redevelopment

20                            Agency, Mitra Licciardi, individually and

                          dba Cedar Performing Arts Academy

21                            (CPAA), Michelle Navarette; and Nina

                          Spencer Perry

22

23

24

25

26

27

28

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................1

II.     MEET AND CONFER EFFORTS.........................................................2

        A.      Meet and Confer Efforts in Advance of Filing Anti-SLAPP
                Motion. ......................................................................................2

        B.      Meet and Confer Efforts Concerning Attorneys' Fees. .........4

III.    LANCASTER IS ENTITLED TO A MANDATORY AWARD OF
        ATTORNEYS' FEES.............................................................................6

IV.     LANCASTER IS ENTITLED TO RECOVER THE LODESTAR
        FIGURE.................................................................................................7

        A.      The Hourly Rate Charged By Lancaster's Counsel is
                Reasonable. ...............................................................................7

        B.      The Amount of Time Spent Prosecuting the Anti-SLAPP
                Motion was Reasonable in Light of Plaintiffs' Tactics. .........9

V.      AMOUNT OF ATTORNEYS' FEES SOUGHT BY LANCASTER. .........11

VI.     ALL PLAINTIFFS SHOULD BE LIABLE FOR THE
        ATTORNEYS' FEES AWARD. ...........................................................13

        A.      The Federal Rules of Civil Procedure Do Not Allow a Plaintiff
                to Dismiss a Single Claim by Filing a Notice of Dismissal................13

        B.      Neither the Parties nor the Court Acted as if the Notice of
                Dismissal was Effective. .........................................................15

        C.      The Individual Plaintiffs' Argument is Inequitable............................16

VII.    CONCLUSION. ....................................................................................16

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DOCSOC/1528157v1/022087-0273

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

*C. Van Der Lely N.V. v. F.lli Maschio S.n.c.,*
  561 F.Supp. 16................................................................................13

*Ethridge v. Harbor House Restaurant,*
  861 F.2d 1389................................................................................14

*Exxon Corp. v. Maryland Casualty Co.,*
  599 F.2d 659................................................................................13

*Hensley v. Eckerhart,*
  461 U.S. 424................................................................................9

*Jordan v. Multnomah Co.,*
  815 F.2d 1258................................................................................8

*Management Investors v. United Mine Workers,*
  610 F.2d 384................................................................................13

*Smith, Kline & French Laboratories v. A.H. Robins Co.,*
  61 F.R.D. 24................................................................................13

*United States v. Outboard Marine Corp.,*
  104 F.R.D. 405................................................................................13

## STATE CASES

*Ketchum v. Moses,*
  24 Cal.4th 1122................................................................................6-8

TABLE OF AUTHORITIES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DOCSOC/1528157v1/022087-0273

# I.      **INTRODUCTION**

The Plaintiffs' Third Amended Complaint contained a claim for defamation asserted by all Plaintiffs against the City of Lancaster ("City") and the Lancaster Redevelopment Agency ("Agency") (collectively "Lancaster"). *See* Fifth Claim of Third Amended Complaint.  In response to this claim, Lancaster filed a Special Motion to Strike ("Anti-SLAPP Motion") pursuant to California Code of Civil Procedure section 425.16 arguing that the alleged defamatory statements were absolutely privileged.  On August 30, 2011, the Court agreed with Lancaster and granted Lancaster's Anti-SLAPP Motion.  *See* Order Granting the City of Lancaster's and Lancaster Redevelopment Agency's Motion to Strike the Fifth Claim Pursuant to California's Anti-SLAPP Statute ("Order Granting Anti-SLAPP Motion").  In the Court's Order Granting Anti-SLAPP Motion, this Court ruled, "[t]he City Defendants are entitled to their attorney fees.  The parties must comply with the Court's requirements concerning such fee requests as set forth in the Order filed concurrently.  The Court will award the lodestar figure because neither party argued the figure should be adjusted upward or downward." *Id.* at 7.  The Plaintiffs and Lancaster have meet and conferred pursuant to the Court's Order re Motion for Attorneys' Fees.  During these meet and confer efforts, the Plaintiffs lead Lancaster to believe that they had agreed to the amount of attorneys' fees to be awarded.  However, the Plaintiffs refused to execute a stipulation for a court order awarding the agreed amount.  It was only after Plaintiffs refused to execute this stipulation, that Plaintiffs informed Lancaster that it was their belief that the only plaintiff liable for the attorneys' fees is Antelope Valley Allied Arts Association ("AVAAA") and that AVAAA had no ability to pay the agreed fee award.  As a result, Lancaster was forced to bring the instant motion seeking an order awarding it the attorneys' fees to which it is entitled.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

## II.     MEET AND CONFER EFFORTS.

### A.     Meet and Confer Efforts in Advance of Filing Anti-SLAPP Motion.

Prior to filing the Anti-SLAPP motion Lancaster's counsel and Plaintiffs' counsel engaged in a lengthy and detailed meet and confer process.  Lancaster initiated this process on July 20, 2011 by sending Plaintiffs' counsel a seven page letter detailing Lancaster's position with regard to the Fifth Claim.  Ex. A to Declaration of David C. Palmer re Meet and Confer Efforts In Connection With Motion for Attorneys' Fees ("Palmer Decl.").   On July 22, 2011, Plaintiffs' counsel informed Lancaster's counsel that he had no objection to dismissing the Plaintiffs' defamation claim, without prejudice, but wanted to discuss the matter further with his clients.  Palmer Decl. ¶ 4.  Thereafter on July 28, 2011, during a follow-up conference call with Lancaster's counsel, Plaintiffs' counsel expressly stated that the Plaintiffs had agreed to voluntarily dismiss the defamation claim, without prejudice.  Palmer Decl. ¶ 7.  In fact, all counsel discussed the procedure for effecting the dismissal in Federal District Court and Plaintiffs' counsel was told that he would have to research the issue to ensure compliance with the Federal Rules of Civil Procedure.  *Id.*  Additionally, Plaintiffs' counsel was informed that Lancaster's deadline to file the special motion to strike was Monday, August 1, 2011 and, therefore, Plaintiffs would need to dismiss their claim no later than Friday, July, 29, 2011.  *Id.*  Plaintiffs' counsel confirmed that the Plaintiffs would dismiss their claim by that date.  *Id.*

Despite this apparent agreement, Plaintiffs' counsel sent Lancaster's counsel a letter on July 29, 2011 stating that Plaintiffs' counsel had not completed researching the issues raised by Lancaster in its July 20, 2011 letter.  Ex. D to Palmer Decl..  Lancaster responded to the Plaintiffs' July 29, 2011 letter with its

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES
DOCSOC/1528157v1/022087-0273

1   own letter of the same date wherein it informed Plaintiffs that the admission that

2   Plaintiffs' counsel had not yet researched the issues was in direct conflict with

3   Plaintiffs' counsel's earlier statements that Plaintiffs had agreed to voluntarily

4   dismiss their claim for defamation and was evidence that Plaintiffs failed to meet

5   and confer in good faith.  Ex. E to Palmer Decl..  Further, Lancaster informed the

6   Plaintiffs that Lancaster would file the Anti-SLAPP Motion if Plaintiffs did not

7   dismiss their claim for defamation as previously agreed. *Id.*

8

9        Thereafter, Plaintiffs filed a document at or about 5:37 p.m. on July 29, 2011

10  entitled "Notice of Dismissal Without Prejudice of 5th Cause of Action

11  (Defamation) of the Third Amended Complaint by Individual Plaintiffs and

12  Qualified Dismissal Without Prejudice From AVAAA as Against Defendants

13  Lancaster Redevelopment Agency and City of Lancaster" ("Notice of Dismissal").

14  After reviewing the Notice of Dismissal, Lancaster's counsel immediately sent

15  Plaintiffs' counsel an email stating, in part,

16

17       [The Request for Dismissal] states that it is a partial dismissal.  We are

18       unaware of a proper procedure in Federal Court that allows for a partial

19       dismissal, thus the "partial dismissal" likely will have no effect on the

20       pleadings…By the very content of this document it would not impact the

21       Plaintiffs' Fifth Claim for Defamation…[T]he very statements that allegedly

22       give rise to the Plaintiffs' Fifth Claim for Defamation are exempted from

23       dismissal.  Unless Plaintiffs file a full dismissal of the Fifth Claim, with or

24       without prejudice, as to the City of Lancaster and Lancaster Redevelopment

25       Agency, Lancaster will proceed as previously indicated and file an anti-

26       SLAPP motion and seek appropriate attorneys' fees and sanctions against

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

1   you.   Please indicate immediately if Plaintiffs intend to file an actual

2   dismissal of the Fifth Claim for Defamation. Ex. F to Palmer Decl.

3

4   Plaintiffs did not respond to this email, as such, Lancaster was forced to file the

5   Anti-SLAPP Motion. Palmer Decl. ¶ 10.

6

7   **B.     Meet and Confer Efforts Concerning Attorneys' Fees.**

8       Pursuant to the Court's Order re Motion for Attorneys' Fees, on September

9   7, 2011 Lancaster faxed and emailed to Plaintiffs billing records evidencing fees

10  incurred by Lancaster in connection with the Anti-SLAPP Motion as well as a

11  declaration describing those billing entries that had yet to be made part of a final

12  bill and describing the nature of the information redacted from the billing entries.

13  Ex. G to Palmer Decl..   The total amount of fees sought, as reflected by the

14  information provided on September 7, 2011, was $25,530. *Id.* On September 8,

15  2011, Lancaster's counsel called Plaintiffs' counsel to discuss the award of

16  attorneys' fees, however, Plaintiffs' counsel informed Lancaster's counsel that he

17  had not yet had an opportunity to review the information received on September 7,

18  2011. Palmer Decl., ¶ 12. A further conference call was scheduled to take place

19  on September 12, 2011. *Id.* On September 12, 2011, Lancaster's counsel called

20  Plaintiffs' counsel as scheduled, however, once again Plaintiffs' counsel had not

21  yet been able to fully review the information he had received on September 7, 2011

22  because his internet connection had gone down over the weekend. Palmer Decl., ¶

23  13. Pursuant to Plaintiffs' counsel's request, Lancaster provided the information

24  again via fax that same day. *Id.* Notwithstanding that Plaintiffs' counsel had yet to

25  fully review the billing information, the parties attempted to discuss the issue of

26  attorneys' fees. *Id.* This discussion was not fruitful as Plaintiffs' counsel instead

27  sought to argue the merits of the Anti-SLAPP Motion, asserting that the Anti-

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

SLAPP Motion should not have been granted because the Court did not "pay much attention to or spend much time on the issues raised in the opposition papers" and that attorneys' fees should not be more than $5,000. *Id.*

On September 14, 2011, Lancaster's counsel received a letter from Plaintiffs' counsel in which he argued that the amount of fees should be reduced by a total of $18,401, resulting in a proposed fee recovery of $7,129.00. Ex. I to Palmer Decl. That same day, Lancaster responded to this letter offering to reduce the amount sought by $9,205.50, resulting in a total award of $16,324.50. Ex. J to Palmer Decl. re Motion. Lancaster further made it clear in its letter that the voluntary reduction would apply only if the parties were able to resolve the issue without further court intervention. *Id.* On September 23, 2011, Plaintiffs' counsel provided a counter offer of $13,000. Palmer Decl., ¶ 14. Lancaster responded to this offer by letter on September 29, 2011 stating that it would not voluntarily accept less than the previous offer of $16,324.50. Ex. K to Palmer Decl. Thereafter, on October 3, 2011, Plaintiffs' counsel sent Lancaster's counsel an email stating that "AVAAA has agreed to settle on the amount of $16,324.50 as an amount of a 'reasonable' attorney's fees award." Ex. L to Palmer Decl. In response to this email, on October 5, 2011, Lancaster drafted a stipulation and proposed order for the agreed upon amount and sent the same to Plaintiffs' counsel. Ex. M to Palmer Decl.

On October 6, 2011, Lancaster's counsel again called Plaintiffs' counsel to discuss this issue. It was during this call, for the first time, that Plaintiffs' counsel informed Lancaster's counsel, that it was Plaintiffs' position that the only plaintiff liable for the attorneys' fees was Antelope Valley Allied Arts Association ("AVAAA") because the other plaintiffs had "dismissed" their claim for

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

1  defamation via the Notice of Dismissal.  Palmer Decl. ¶ 18.  In response to this

2  argument, Lancaster's counsel sent Plaintiffs' counsel a letter on October 11, 2011,

3  refuting Plaintiffs' argument.  Ex. N to Palmer Decl.  After sending this letter,

4  Lancaster's counsel called Plaintiffs' counsel to discuss the matter further.  During

5  this conversation Plaintiffs' counsel conveyed an offer from AVAAA to pay the

6  attorneys' fees by providing Lancaster with artwork, stating "you know AVAAA

7  doesn't have any money" and "we have art – we don't have money."  Palmer

8  Decl., ¶ 20.  The parties were unable to resolve this matter and were forced to seek

9  the Court's intervention.

10

11  ## III.   LANCASTER IS ENTITLED TO A MANDATORY AWARD OF

12  ## ATTORNEYS' FEES.

13      The Court's Order Granting Anti-SLAPP Motion specifically found that

14  Lancaster was entitled to recover its attorneys' fees,

15

16      "[A]ny SLAPP defendant who brings a successful motion to strike is entitled

17      to mandatory attorney fees."  Ketchum v. Moses, 24 Cal. 4th 1122, 1131

18      (2001).  "[A] court assessing attorney fees begins with a touchstone or

19      lodestar figure, based on the careful compilation of the time spent and

20      reasonable hourly compensation of each attorney involved in the

21      presentation of the case."  Id. at 1121-31 (internal quotation marks and

22      ellipsis omitted)...

23

24      The City Defendants are entitled to their attorney fees…The Court will

25      award the lodestar figure because neither party argued the figure should be

26      adjusted upward or downward.  Court's Order Granting Anti-SLAPP

27      Motion, P. 6 – 7.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

1   Accordingly, the issue of whether Lancaster is entitled to recover its attorneys' fees

2   has already been decided in Lancaster's favor by the Court.   Therefore, the only

3   issues remaining to be determined are: (1) the amount of attorneys' fees to be

4   awarded, and (2) those Plaintiffs liable for the award of attorneys' fees.

5

6   **IV.   LANCASTER IS ENTITLED TO RECOVER THE LODESTAR**

7   **FIGURE.**

8   The Court has already ruled that Lancaster is entitled to recover attorneys'

9   fees in an amount equal to the lodestar figure.   Court's Order Granting Anti-

10   SLAPP Motion, P. 7.   Moreover, the Court has provided the formula for

11   determining the lodestar figure – the time spent multiplied by the reasonable

12   hourly compensation of each attorney involved in the presentation of the Anti-

13   SLAPP Motion. *Id.*

14

15   **A.   The Hourly Rate Charged By Lancaster's Counsel is Reasonable.**

16   The Plaintiffs have agreed that the hourly rate of $340 for Allison E. Burns

17   is reasonable.   Joint Statement, P. 3, Lns. 12 – 14.   Moreover, during the hearing

18   on the Anti-SLAPP Motion, Plaintiffs' counsel essentially conceded that the hourly

19   rates charged by David C. Palmer and Reed T.C. Glyer are reasonable.

20   Specifically, Plaintiffs' counsel stated, "[w]ith respect to the overall rate for each

21   individual counsel, it seems to be somewhat reasonable.   I think the two-year

22   associate might be a little bit high, but I don't see anything unreasonable about the

23   rate Ms. Burns is being paid."   Reporter's Transcript of Proceedings, Monday,

24   August 29, 2011, P. 6, Lns. 21 – 25, attached as Ex. I to Declaration of Allison E.

25   Burns re Attorneys' Fees Incurred By Defendants City Of Lancaster And Lancaster

26   Redevelopment Agency In Connection With Their Successful Special Motion To

27   Strike (Anti-SLAPP Motion) ("Burns Decl.").

28

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

-7-

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES
DOCSOC/1528157v1/022087-0273

1     With respect to the hourly rate of $250 for David C. Palmer and Reed T.C.

2  Glyer, Plaintiffs' counsel commented that the rate was a "bit high" for a "two-year

3  associate."   *Id.*   However, neither Mr. Palmer nor Mr. Glyer is a second year

4  associates.  Both Mr. Palmer and Mr. Glyer were admitted to the bar in 2007 and

5  were in their fourth year of practice when the Anti-SLAPP Motion was filed and

6  decided.  Burns Decl., ¶¶ 3-4.  As such, while possibly a bit high for a second year

7  associate, the hourly rate charged by Mr. Palmer and Mr. Glyer is reasonable given

8  their experience level.   Notwithstanding the foregoing, Plaintiffs have again

9  changed their position and now argue that a reasonable hourly rate for Mr. Palmer

10  is $125 and an hourly rate of $175 is reasonable for Mr. Glyer.  Joint Statement, P.

11  3, Lns. 20 – 24.  This position is in stark contrast to the Plaintiffs' earlier position

12  as stated by their counsel during the hearing on the Anti-SLAPP Motion.

13

14     In response to Plaintiffs' latest change in position, Lancaster has presented

15  substantial evidence herewith establishing that the hourly rates charged by Mr.

16  Palmer and Mr. Glyer are reasonable.  This evidence meets Lancaster's burden as

17  the fee applicant to produce "satisfactory evidence, in addition to the affidavits of

18  its counsel, that the requested rates are in line with those prevailing in the

19  community for similar services of lawyers of reasonably comparable skill and

20  reputation."  *Jordan v. Multnomah Co.,* 815 F.2d 1258, 1263 (1987).  For instance,

21  Lancaster has submitted a Professional Services Agreement between the City of

22  Newport Beach and the firm Richards, Watson & Gershon, dated October 18,

23  2011, wherein the hourly rate for a senior associate was $275.00.  Ex. A to Request

24  for Judicial Notice.  Lancaster has also provided a legal services agreements

25  wherein the hourly rate for associates with regard to litigation matters is $225 and

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

1    $265.[1]   Exs. B and C to Request for Judicial Notice.   The rates charged by

2    Lancaster's counsel are reasonable.

**B.     The Amount of Time Spent Prosecuting the Anti-SLAPP Motion
was Reasonable in Light of Plaintiffs' Tactics.**

Lancaster contends that all of the hours devoted to the successful
prosecution of the Anti-SLAPP Motion are reasonable.   In order to establish the
reasonability of these hours Lancaster has provided detailed billing entries
supporting the hours worked.   *See* Burns Decl.   Lancaster acknowledges that,

> "[t]he district court also should exclude from this initial fee calculation hours
> that were not 'reasonably expended.' [citations omitted]   Cases may be
> overstaffed, and the skill and experience of lawyers  vary widely.   Counsel
> for the prevailing party should make a good-faith effort to exclude from a
> fee    request    hours    that    are    excessive,    redundant,    or    otherwise
> unnecessary..." *Hensley v. Eckerhart*, 461 U.S. 424, 433-434 (1983)

Indeed, Lancaster has made the good-faith effort required and has excluded from
its fees request those hours that are not reasonable.[2]

However, during the meet and confer efforts regarding the attorneys' fees
award, the Plaintiffs objected that the amount of time spent on certain tasks was
unreasonable.   For instance, Plaintiffs' objected to Lancaster recovering the
attorneys' fees incurred during the meet and confer efforts that took place prior to

---

[1] Lancaster acknowledges that each of these contracts concern services provided in the Northern District of California.  However, Lancaster contends that there is not a substantial difference between rates charged in the Northern and Central Districts.
[2] Notably, Plaintiffs have not complied with this Court's requirement regarding preparation of a Summary Table to challenge Lancaster's fee request despite numerous requests by Lancaster's counsel that they do so.  *See* Exs. C, D, F and H to Burns Decl.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

1   the filing of the Anti-SLAPP Motion.   Ex. I to Palmer Decl.   It is true that

2   Lancaster devoted a significant amount of time to meet and confer efforts,

3   however, Lancaster devoted this time primarily because Plaintiffs' counsel's

4   repeatedly lead Lancaster to believe that the Plaintiffs would voluntarily dismiss

5   their defamation claim.   *See* Palmer Decl. ¶¶ 4, 5 and 7.   Despite these

6   representations, the time devoted by Lancaster to the meet and confer process was

7   wasted when the court day before the filing deadline of the Anti-SLAPP Motion

8   Plaintiffs' counsel directly contradicted his previous assertions, claiming he had

9   not yet researched the issues.   *See* Ex. D to Palmer Decl.   Indeed, the Court itself

10  commented on the Plaintiffs' failure to meet and confer in good faith regarding the

11  Anti-SLAPP Motion during the hearing thereon, "you should have met and

12  conferred, and the failure to do so, especially under the circumstances that were

13  related in the letters, was totally inappropriate and violates the Court's local rules."

14  Reporter's Transcript of Proceedings, Monday, August 29, 2011, P. 13 Ln. 23 – P.

15  14, Ln. 1, attached as Ex. I to Burns Decl.   Plaintiffs should not be heard to object

16  to the time Lancaster devoted to meet and confer efforts as such time was a direct

17  result of Plaintiffs' actions.

18

19        Another particular point of contention is the amount of time necessary to

20  properly respond to the Plaintiffs' Opposition to the Anti-SLAPP Motion.

21  Plaintiffs argue that the amount of time expended to prepare Lancaster's Reply to

22  the Plaintiffs' Opposition to the Anti-SLAPP Motion is excessive.   *See* Joint

23  Statement, P. 8.   However, the Plaintiffs' Opposition to the Anti-SLAPP Motion

24  attempted to defeat the Anti-SLAPP Motion by taking a shotgun approach wherein

25  arguments were presented in a disjointed fashion and without clear supporting

26  authority.   As such, it took a significantly longer amount of time to sift through,

27  understand and ultimately draft a reply to the Opposition to the Anti-SLAPP

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES
DOCSOC/1528157v1/022087-0273

1  Motion than would normally be anticipated.  Again, the Court itself addressed this

2  issue during the hearing on the Anti-SLAPP Motion stating,

> [Y]ou raise so many issues – you didn't meet and confer in good faith, and I really should sanction you for making the Court go through this.  Counsel is going to get their fees, so they're taken care of, but that doesn't take care of the Court's time.  Certainly a number of these issues are just flat wrong as a matter of law, and if you had researched them, as you were telling counsel in your letters or e-mails you were going to do, the issues wouldn't have even been raised in your papers."  Reporter's Transcript of Proceedings, Monday, August 29, 2011, P. 7, Lns. 8 – 15, attached as Ex. I to Burns Decl.

As the Court rightly pointed out, the Plaintiffs' Opposition to the Anti-SLAPP Motion contained many meritless arguments that were not well researched.  As a result, in addition to the responding to those arguments that had potential merit, Lancaster was forced research the Plaintiffs' meritless arguments and respond to the same.  Plaintiffs should not be heard to complain about the amount of time necessary to respond to their Opposition to the Anti-SLAPP Motion.

## V.   AMOUNT OF ATTORNEYS' FEES SOUGHT BY LANCASTER.

As detailed in the Burns Decl., Lancaster was forced to incur a significant amount of attorneys' fees to successfully prosecute the Anti-SLAPP Motion. Lancaster requests that the Court refer to the Burns Decl. for a detailed accounting of all fees incurred.  Lancaster provides the following summary of fees incurred in connection with the Anti-SLAPP Motion:

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

| | |
|---|---|
| Fees incurred by Lancaster in prosecuting its successful Anti-SLAPP Motion. | $29,070.00 |
| Fees incurred by Lancaster in connection with the meet and confer process concerning the award of attorneys' fees pursuant to the Court's Order re Motion for Attorneys' Fees. | $8,827.00. |
| Fees incurred by Lancaster in connection with this Motion for Attorneys' Fees. | $5,941.00 |
| TOTAL: | $43,838.00 |

Notwithstanding that Lancaster incurred significant fees as a result of Plaintiffs' tactics during the meet and confer efforts concerning the award of attorneys' fees pursuant to the Court's Order re Motion for Attorneys' Fees, Lancaster does not seek to recover those fees. Nor does Lancaster seek to recover the fees incurred in connection with briefing and oral argument of this issue before the Court. However, Lancaster believes that the Court should consider the total amount of fees incurred in connection with the Anti-SLAPP Motion and the actions of Plaintiffs when deciding the appropriate fee award. As such, Lancaster requests a fee award of $29,070 for fees incurred in prosecuting its successful Anti-SLAPP Motion.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-
LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES
DOCSOC/1528157v1/022087-0273

# VI.   ALL PLAINTIFFS SHOULD BE LIABLE FOR THE ATTORNEYS' FEES AWARD.

As previously stated, Plaintiffs have taken the position that the only plaintiff liable for the attorneys' fees award is AVAAA.   However, this position relies solely upon the Request for Dismissal and is contrary to law.   As such, all plaintiffs, including Tonia Thompson, Steve Ponting, Tracee Estabrooke, David Hasse, Evie Cook and Staretta Moffat – as relator – on behalf of themselves and the United States of America, and the State of California (collectively "Individual Plaintiffs") are liable for the attorneys' fees award.

## A.   The Federal Rules of Civil Procedure Do Not Allow a Plaintiff to Dismiss a Single Claim by Filing a Notice of Dismissal.

Federal Rules of Civil Procedure, Rule 41 allows a plaintiff to voluntarily dismiss an action by filing a notice of dismissal in certain circumstances. However, Rule 41 specifically states that a notice of dismissal can only be used to dismiss the action; it does not allow a notice of dismissal to be filed to dismiss a single claim from a multi-claim action.   The Ninth Circuit Court of Appeals has held,

[A] plaintiff may not use Rule 41(a)(1)(i) *to dismiss, unilaterally, a single claim from a multi-claim complaint.*   E.g., *Management Investors v. United Mine Workers*, 610 F.2d 384, 394 & n.22 (6th Cir. 1979); *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979); *United States v. Outboard Marine Corp.*, 104 F.R.D. 405, 414 (N.D. Ill. 1984); *C. Van Der Lely N.V. v. F.lli Maschio S.n.c.*, 561 F. Supp. 16, 19-20 (S.D. Ohio 1982); *Smith, Kline & French Labs. v. A.H. Robins Co.*, 61 F.R.D. 24, 27-29 (E.D. Pa. 1973).   Each of these cases relies on the Moore treatise on federal

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES
DOCSOC/1528157v1/022087-0273

procedure, which convincingly argues that *Federal Rule of Civil Procedure 15(a) is the appropriate mechanism "where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants*." 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice para. 41.06-1, at 41-83 to -84 (1987). *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (1988) (emphasis added).

The case law is clear – the Individual Plaintiffs cannot unilaterally dismiss a single claim of a multi-claim complaint. The Notice of Dismissal had no effect.

As the Ninth Circuit points out, the appropriate mechanism for dismissing a single claim from a multi-claim complaint is to follow the procedure set forth in Federal Rules of Civil Procedure, Rule 15. Rule 15 allows a plaintiff to amend its complaint "with the opposing party's written consent or the court's leave." Fed R. Civ. Proc, 15(a)(2). The Individual Plaintiffs did not receive the written consent of Lancaster or the Court's leave prior to filing the Notice of Dismissal. Further, after the Notice of Dismissal was filed Lancaster's counsel informed Plaintiffs' counsel that the Notice of Dismissal was unacceptable and that Lancaster would be proceeding to file the Anti-SLAPP Motion because the Notice of Dismissal failed to completely dismiss the Plaintiffs' defamation claim. Ex. F to Palmer Decl. The Notice of Dismissal was procedurally improper and thus of no consequence. The Individual Plaintiffs' defamation claim was still live when Lancaster filed its Anti-SLAPP Motion and, therefore, the Individual Plaintiffs are liable for the attorneys' fees.

**B.    Neither the Parties nor the Court Acted as if the Notice of Dismissal was Effective.**

The notice of the Anti-SLAPP Motion clearly states that Lancaster was moving for (i) an order striking the Fifth Claim as asserted by both the Individual Plaintiffs and AVAAA and (ii) an award of attorneys' fees against *all Plaintiffs*. Notice of Anti-SLAPP Motion, Lns. 5 – 10, filed August 1, 2011 [Docket No. 73]. In their Opposition, the Plaintiffs state,

> **COMES NOW the Plaintiffs,** ANTELOPE VALLEY ALLIED ARTS ASSOCIATION; *Tonia Thompson*; *Steve Ponting*; *Lyndon Easley* (although we have received word of his demise, we have received nothing further); *Tracee Estabrooke*; *David Hasse*; and *Evie Cook* and objects, *opposes*, and responds to defendants CITY OF LANCASTER and the now defunct LANCASTER REDVELOPMENT AGENCY'S MOTION TO STRIKE THE DEFAMATION CAUSE OF ACTION AGAINST THEM AS A 'SLAPP' CAUSE OF ACTION.   Opposition to Lancaster's anti-SLAPP motion, P. 4, Lns 10 -17 (emphasis altered).

Furthermore, nowhere in the Opposition do the Plaintiffs assert that the Individual Plaintiffs have already dismissed their Fifth Claim for defamation. *See* Opposition to Anti-SLAPP Motion, filed August 8, 2011 [Docket No. 80].   Similarly, the Court's Order Granting the Anti-SLAPP Motion uses the plural term "plaintiffs" to identify the opposing parties. *See generally* Court's Order Granting the Anti-SLAPP Motion.  It is without question that each of the Plaintiffs, Lancaster and the Court treated Lancaster's Anti-SLAPP Motion as if it were filed against and opposed by *all* Plaintiffs.   The Individual Plaintiffs' belated efforts to distance themselves from the claim as well as the Opposition to the Anti-SLAPP Motion belies the clear record – the Individual Plaintiffs are liable for attorneys' fees.

## C.     The Individual Plaintiffs' Argument is Inequitable.

Whether the Notice of Dismissal had any effect with respect to the Individual Plaintiffs is not a matter of form over substance.  Instead, it is a matter of fairness.  The Notice of Dismissal was clearly filed in an attempt to allow the Individual Plaintiffs to continue to prosecute a claim for defamation through AVAAA, a corporation which is now allegedly insolvent, while insulating themselves from having to pay attorneys' fees to Lancaster as a result of Lancaster's successful Anti-SLAPP Motion.  Indeed, a review of the Fifth Claim of the Third Amended Complaint reveals that all of the allegations of defamation relate to the Individual Plaintiffs – not AVAAA.  Third Amended Complaint, ¶ 285 ["Each of the Antelope Valley Allied Arts Association (AVAAA) *Board members has suffered general and specific damages* as a result of defendants' defamatory words and actions." (emphasis added)]; *See also* Third Amended Complaint, ¶¶ 277, 282, 283.  The Individual Plaintiffs cannot avoid liability for their actions by arguing that the procedurally defective Notice of Dismissal dismissed their claims for defamation.  The Notice of Dismissal did not change the allegations being made in the Fifth Claim for defamation.  As such, Lancaster was required to prepare and file the exact same Anti-SLAPP Motion regardless of whether the Notice of Dismissal had been filed.  The Individual Plaintiffs cannot benefit from their misuse of procedure to insulate themselves from liability now that the Court has ruled against them.

## VII.   <u>CONCLUSION.</u>

Lancaster was forced to incur significant attorneys' fees as a direct result of the Plaintiffs' litigation tactics.  As made clear throughout this brief, Plaintiffs intentionally mislead Lancaster during the meet and confer efforts prior to the filing of the Anti-SLAPP Motion, attempted to create a situation in which the Individual Plaintiffs could be insulated from liability while at the same time pursue

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

1  their claim for defamation through AVAAA, a corporation that has no money with
2  which to pay any award of attorneys' fees, and again met and conferred in bad
3  faith during the meet and confer efforts concerning the award of attorneys' fees
4  ordered by the Court.  Now, Plaintiffs object to the amount of time Lancaster was
5  forced to expend in combating Plaintiffs' litigation tactics and any effort by
6  Lancaster to hold the Individual Plaintiffs responsible for their actions.
7  Notwithstanding the Plaintiffs' objections, the amount of attorneys' fees sought by
8  Lancaster is reasonable given the circumstances.  Lancaster respectfully requests
9  that the Court award attorneys' fees in favor of Lancaster and against all Plaintiffs
10  in the amount of $29,070.

11

12  Dated:  November 28, 2011          Respectfully submitted,

13

14                                     By: _____
                                          Allison E. Burns
15                                        David C. Palmer
                                          Richard A. Gonzalez
16                                        STRADLING YOCCA CARLSON &
                                          RAUTH
17
                                          Attorneys for Defendants
18                                        City of Lancaster, Lancaster
                                          Redevelopment Agency, Mitra Licciardi,
19                                        individually and dba Cedar Performing Arts
                                          Academy (CPAA), Michelle Navarette; and
20                                        Nina Spencer Perry

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-

LANCASTER'S OPENING BRIEF RE AWARD OF ATTORNEYS' FEES

DOCSOC/1528157v1/022087-0273

## CERTIFICATE OF SERVICE

I certify that on November 28, 2011 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, I hereby certify that a true and correct copy was served in the manner set forth below:

☐    **BY EMAIL:**   by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below.

☐    **BY FACSIMILE:**   by transmitting via facsimile the document(s) listed above to the facsimile number(s) set forth below. I certify that said transmission was completed without error and that a report was generated by facsimile machine (949) 725-4100 which confirms said transmission.

☐    **BY OVERNIGHT DELIVERY:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, and delivering via overnight courier and addressed as set forth below, respectively.

☒    **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail in Newport Beach, California, addressed as set forth below.

☐    **BY PERSONAL DELIVERY:**   by causing personal delivery by Nationwide Legal, Inc. of the document(s) listed above to the person(s) at the address(es) set forth below

### SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 28, 2011, at Newport Beach, California.

Karen M. Hardy

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

CERTIFICATE OF SERVICE

DOCSOC/1528157v1/022087-0273

1

## <u>SERVICE LIST</u>

2

*Antelope Valley Allied Arts Association v. Lancaster Redevelopment Agency
United States District Court Case No. CV10-10039 DSF (FMOx)*

3

4

5     Olaf Arthur Landsgaard                    *Attorney for Plaintiffs,*
      Law Offices of Olaf Landsgaard            *ANTELOPE VALLEY ALLIED ARTS*
6     P.O. Box 2567                             *ASSOCIATION (AVAAA); LINDA*
      4171 Knox Avenue                          *REYNOLDS; MONIQUE JOHNSON;*
7     Rosamond, CA 93560                        *TONIA THOMPSON; STEVE*
      Telephone:  661-256-9271                  *PONTING; LYNDON EASLEY;*
8     Facsimile:  661-256-9212                  *TRACEE ESTABROOKE; DAVID*
      *olaf@olaflandsgaard.com*                 *HASSE;*
                                                *and EVIE COOK*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

SERVICE LIST

DOCSOC/1528157v1/022087-0273